## THE TURRET CROWN (four cases).

(District Court, S. D. New York. August 25, 1926.)

Admiralty ⬤⟿66—Amendment of libels charging damage to cargo from unseaworthiness of vessel will be allowed, to conform to evidence that part of damage was caused by negligent unloading at unsafe pier (general admiralty rule 23).

Under general admiralty rule 23, amendment of libels alleging damage to cargo caused by unseaworthiness of vessel will be allowed to conform to evidence before commissioner that part of damage was caused by negligence in unloading cargo at unsafe pier, regardless of whether ship is responsible for such damages, or whether failure to give notice before removal of goods barred recovery.

In Admiralty. Separate libels by the Vulcanite Roofing Company, by Carl Repetto, by Giobatta Sacco and another, copartners doing business under the firm name and style of Sacco & Palmieri, and by J. Aron & Company, Inc., against the steamship Turret Crown; the Commonwealth Steamship Company, claimant. On motion to amend libels to conform to evidence. Motion granted.

Bigham, Englar & Jones, of New York City (D. Roger Englar and George E. Hargrave, both of New York City, of counsel), for libelants.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Earl Appleman, of New York City, of counsel), for claimant.

HAZEL, District Judge. The above-entitled actions in rem were tried together, and the decrees of the District Court dismissing the libels (282 F. 354) were subsequently, on appeal to the Circuit Court of Appeals, reversed; the learned court holding that the repairs made to the steering gear were insufficient in the exercise of reasonable care, after the disclosures that had been made in the survey; in short, that the ship Turret Crown was unseaworthy, in consequence of which there was damage to libelants' merchandise. The Turret Crown (C. C. A.) 297 F. 766. A petition for a writ of certiorari was denied by the United States Supreme Court (264 U. S. 591, 44 S. Ct. 403, 68 L. Ed. 865).

At the hearing on the interlocutory decrees before the commissioner to compute the damages, claimant contended, and adduced testimony, that a portion of the damage to the merchandise occurred on Pier 2, Jersey City, where the loading occurred, owing to an unusually high tide on April 10–11, 1918, and, since such damage was caused by an act of God, claimant was not liable therefor. Some testimony was also given in opposition relating to the negligence of claimant in unloading at an unsafe and insecure pier.

The libels now before the court simply allege a discharge of the cargoes on the return of the Turret Crown to New York after the mishap to her machinery and without completing the voyage to Geneva, in a seriously damaged condition by contact with oil and water due to the ship's unseaworthiness. Because of the subsequent discovery that the unloading was on a defective pier, in consequence of which the cargoes sustained injury, an amplification of the libels is asked to conform in this particular to the evidence already taken. I think a proper case is presented for the application of general admiralty rule 23, which substantially permits amendments in matters of form and substance at any time before final decree upon such terms as the court shall impose.

This rule, as I read the adjudications, has not infrequently been applied in analogous situations in this circuit. The Vogeman v. Raeburn, 180 F. 97, 103 C. C. A. 595, wherein Judge Coxe, writing for the Circuit Court of Appeals for this circuit, permitted an amendment of the libel to conform to the proofs. This action of the District Judge, the opinion states, was entirely within his discretion, and, since respondents were in no way misled, permission to amend the original libel was proper. A similar situation was presented in The Syracuse, 12 Wall. 167, 20 L. Ed. 382, where it appeared that the act of negligence in relation to which evidence was given on the trial was not alleged in the libel, but the Supreme Court held that, when material facts proved occasion no surprise to a respondent, and where failure to state the facts more fully was not due to design, there existed no good reason why an amendment should not be permitted. See, also, The Quickstep, 9 Wall. 665, 19 L. Ed. 767; and The Charles Morgan, 115 U. S. 70, 5 S. Ct. 1172, 29 L. Ed. 316.

I think the principle of these cases fairly applies. The contention that an allowance of the amendments would, in effect, overrule the previous decisions in these cases, and disregard the decision in the Eastern district of Virginia, is, I think, unsubstantial. No similar motions to amend the libels appear to have been made herein. Upon the trial to establish the negligence of the ship, it practically conceded that the various cargoes in question were damaged; but any claim of injury at the pier owing to an unusually high tide was not alleged in the several answers prior to taking the evidence before the commissioner on the accounting. It may be that the ship is not responsible for damages sustained through a defective pier, and that failure to give notice before removal of the goods may bar recovery; but nevertheless, in the circumstances, I think permission should not be withheld to amend the libels to conform to the proofs.

So ordered.